**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

RAYMOND C. KATCHATAG,

                Plaintiff,

        v.

STATE OF ALASKA, *et al.*,

                Defendants.

Case No. 1:23-cv-00003-SLG

## ORDER RE PENDING MOTIONS

Self-represented prisoner Raymond Katchatag ("Plaintiff") initiated this action in Juneau Superior Court on January 26, 2023.[1] On June 7, 2023, Defendant Gabe Gluesing removed this action from state court to the District Court for the District of Alaska ("the Court").[2] On July 3, 2023, Defendant Gluesing filed a *Motion to Dismiss Pursuant to Civil Rule 12(b)(6).*[3] By order dated August 18, 2023, Plaintiff was accorded 21 days from that date in which to file an opposition to the motion, but no opposition was filed. Rather, on September 13, 2023, Plaintiff filed two motions: a *Motion for Extension of Time to File Re-Amended Complaint*

---

[1] Docket 5-1 at 6.

[2] Dockets 1-5.

[3] Docket 6.

*at* Docket 9, and *Motion to Obtain the Full Medical File and Mental Health File from D.O.C.* at Docket 10.  This order addresses all of these motions.

### 1.  Motion to Obtain Department of Corrections ("DOC") Records

At Docket 10, Plaintiff requests the Court order DOC to provide him with his medical and mental health records from 2016 to date.  Defendant Gluesing responded to the motion at Docket 11, noting that the DOC has not yet been served with the summons and complaint in this action.[4]  As the state court judge previously explained to Plaintiff when he sought the same relief in that court, the Court does not have personal jurisdiction over the DOC at this time.[5]  Further, as counsel for Defendant Gluesing explained in his response, a litigant, including a self-represented litigant, must first make a formal discovery request to an opposing party pursuant to the applicable Federal Rules of Civil Procedure, then attempt to confer in good faith with the party who is resisting discovery, before filing a motion to compel.[6]  Accordingly**,** Plaintiff's motion for an order directing DOC to provide Plaintiff with his medical file at Docket 10 is DENIED at this time for these reasons.

---

[4] *See* Docket 1 at 3 and subsequent docket following removal.

[5] Docket 1 at 17.  And, as the state superior court previously informed Plaintiff, the requested information may be available from DOC upon request.  *See* State of Alaksa Department of Corrections Policy and Procedure 807.06 (establishing procedures for access to prisoner health care records).  Docket 17 at 49, n.1.

[6] *See* Docket 11 at 2.

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order re Pending Motions
Page 2 of 9
Case 1:23-cv-00003-SLG   Document 13   Filed 10/06/23   Page 2 of 9

## 2. Motion for Extension of Time to Amend the Complaint

At Docket 9, Plaintiff requests an extension of time to file a "Re-Amended Complaint" after he receives his medical file, which he estimates will take at least 120 days.[7]  Once a case has been removed, a plaintiff may amend the pleadings filed in the state court in accordance with Federal Rule of Civil Procedure 15.  For the reasons expressed below, the Court grants Plaintiff's motion to the extent it will accord Plaintiff **30 days** from the date of this order to file an amended complaint in accordance with the guidance herein.

### Requirements to State a Claim in an Amended Complaint

To state a claim, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[8]  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

A complaint need not, and should not, contain or have attached to it all medical records. Rather, a complaint must state sufficient facts that state a viable

---

[7] Docket 9.

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

claim for relief.[10]  An amended complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[11]  An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that a plaintiff is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him.

In this Court, an amended complaint replaces the prior complaint in its entirety.  "The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."[12]  Any claims not included in the amended complaint will be considered waived.  Plaintiff must also serve a copy of any amended complaint upon the attorney for Gabe Gluesing.

Because a party does not need his complete medical records to state a viable claim for relief in a complaint, the Court will only grant Plaintiff 30 days from the date of this order in which to file an amended complaint that remedies the deficiencies in the original complaint that are identified in this order.

---

[10] *Id.*

[11] *Id.* (internal citations and quotations omitted).

[12] Local Civil Rule 15.1.

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order re Pending Motions
Page 4 of 9

## Statute of Limitations

Plaintiff's original complaint discusses events that occurred from 2016 to 2021.[13] But if a claim is not filed within the applicable statute of limitations, dismissal of that claim is proper, including when a plaintiff is self-represented.[14] A statute of limitations bars claims after a specified based on the date when the claim accrued (as when the injury occurred or was discovered).[15] Because 42 U.S.C. § 1983 does not contain its own statute of limitations, federal courts apply the state's statute of limitations for personal injury actions.[16] In Alaska, the statute of limitations for personal injury claims is two-years.[17] Plaintiff initiated this case in the Juneau Superior Court on January 26, 2023.[18] Therefore, in any amended complaint, Plaintiff must not include claims regarding events that allegedly occurred before January 26, 2021.

---

[13] Docket 5-1.

[14] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[15] STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019).

[16] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[17] Alaska Statute § 09.10.070.

[18] Docket 5-1 at 6.

Case 1:23-cv-00003-SLG   Document 13   Filed 10/06/23   Page 5 of 9

3. **Defendant Gabe Gluesing's Motion to Dismiss Pursuant to Civil Rule 12(b)(6)**

Defendant Gluesing's motion to dismiss the original complaint in this action at Docket 6 is GRANTED for the reasons discussed in Defendant Gluesing's motion. However, as discussed above, the dismissal of the complaint will be with leave to file an amended complaint consistent with the terms of this order. The Court also refers Plaintiff to the Screening Order entered in his previous federal case, 3:19-cv-00172-RRB, that discussed the requirements for pursuing a claim for inadequate medical treatment brought by a convicted prisoner.[19]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for an extension of time to file an amended complaint at **Docket 9 is GRANTED in part.** Plaintiff is accorded **30 days** from the date of this order to file a First Amended Complaint, on the Court's form, which is being provided to Plaintiff with this order.

2. Plaintiff's motion to obtain his full medical file and mental health file from the DOC at **Docket 10 is DENIED.**

3. Defendant Gabe Gluesing's motion to dismiss the complaint at **Docket 6 is GRANTED,** but the dismissal of the complaint is with leave to amend.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal **within 30 days from the date of this order,** this case may be

---

[19] Case No. 3:19-cv-00172, Docket 17.

dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[20] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

5.  Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[21] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

6.  At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[22] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a

---

[20] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[21] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[22] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

current address on file with the Court, that may result in a dismissal of the case without further notice.

7.  All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

8.  Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. There is no charge for viewing case information or documents at courthouse public access terminals. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

9.  The Clerk of Court is directed to send Plaintiff the following documents with this order: (1) Prisoner Complaint for Violation of Civil Rights (form PS01)

with "FIRST AMENDED" written above the title; (2) Notice of Voluntary Dismissal (form PS09); (3) Notice of Change of Address (form PS23); (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT"; and (5) a copy of the Screening Order entered at Docket 17 in Case No. 3:19-cv-00172-RRB.

DATED this 6th day of October 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order re Pending Motions
Page 9 of 9
Case 1:23-cv-00003-SLG   Document 13   Filed 10/06/23   Page 9 of 9