# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RAYMOND C. KATCHATAG,

        Plaintiff,

v.

STATE OF ALASKA, *et al.*,

        Defendants.

Case No. 1:23-cv-00003-SLG

## ORDER DENYING MOTION TO REMAND TO STATE COURT

Before the Court at Docket 17 is a motion to remand the above-captioned case to state court filed by self-represented prisoner Raymond Katchatag ("Plaintiff") on December 7, 2023. Plaintiff alleges he does not intend to pursue any federal claims and requests the Court remand this case back to the state court.[1] On December 13, 2023, Defendant Gabe Gluesing filed an opposition arguing remand is inappropriate.[2] On January 8, 2024, Plaintiff attempted to file a discovery request, which was refused by the Clerk as an improper filing.[3]

A defendant may remove a civil action to federal court based on either diversity jurisdiction or federal question jurisdiction.[4] Here, Defendant Gabe

---

[1] Docket 17.
[2] Docket 18.
[3] Docket 19. *See* Rule 5(d)(1)(A), Federal Rules of Civil Procedure ("discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing").
[4] 28 U.S.C. § 1441(b) and (c); *see also Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

Gluesing removed this case based on federal question jurisdiction, as Plaintiff's Complaint including claims under the U.S. Constitution.[5] Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[6] District courts may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," including state law claims.[7] "[T]he Circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal."[8]

Based on the foregoing, even if Plaintiff were now to amend his complaint to assert only state law claims, this Court would still have subject matter jurisdiction, since it had jurisdiction at the time of removal. However, if Plaintiff were to file an amended complaint that contained only state law claims, this Court would have the discretion to remand the case to state court. When "removal is originally proper and the operative complaint amends out all claims over which the court had original jurisdiction, ... a district court's decision to retain a case is discretionary."[9] In determining whether to remand a case to state court after a

---

[5] Docket 1 at 2, Docket 1-1 at 6.
[6] 28 U.S.C. § 1331.
[7] 28 U.S.C. § 1367(a).
[8] *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot effect whether a case is removable[.]").
[9] *Gonzalez v. Cal. Highway Patrol,* 2021 WL 3565306, at *2 (*citing Carlsbad Tech., Inc.*

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order Denying Motion for Remand to State Court
Page 2 of 6
Case 1:23-cv-00003-SLG   Document 20   Filed 02/29/24   Page 2 of 6

plaintiff voluntarily withdraws all federal claims, a court considers the factors of "judicial economy, convenience, fairness, and comity."[10] These factors weigh strongly in favor of remand when all federal claims are withdrawn at the initial stages of a case.[11]

Plaintiff filed this lawsuit in the Alaska Superior Court.[12] Defendant Gabe Gluesing subsequently removed the case to federal court pursuant to 28 U.S.C. § 1331 in light of the federal constitutional claims included in Plaintiff's complaint.[13] The requirements for both federal question jurisdiction and supplemental jurisdiction over Plaintiff's state tort claims were met at the time the removal notice was filed in federal court.[14]

---

*v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009)); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction[.]").
[10] *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).
[11] *Horne v. Wells Fargo Bank,* 969 F. Supp. 2d 1203, 1207-1208; 1210 (C.D. Cal. 2013) *See also Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v. United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. 2012) (declining to exercise supplemental jurisdiction and remanded the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase"); *Deomampo v. Wells Fargo Bank,* No. 2009 WL 1764533, *2 n. 2 (N.D. Cal. 2009) ("The court notes that while the request for remand may seem to smack of forum shopping, a plaintiff does not engage in impermissible forum shopping where he amends the complaint after removal to eliminate a federal claim in order to preserve the right to litigate in state court.").
[12] Docket 1.
[13] Docket 1-1.
[14] *See* 28 U.S.C. §§ 1331; 1367(a), 1441.

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order Denying Motion for Remand to State Court
Page 3 of 6
Case 1:23-cv-00003-SLG   Document 20   Filed 02/29/24   Page 3 of 6

Before the Court conducted the required screening of the Complaint, Defendant Gabe Gluesing filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6).[15] The Court granted the motion, as it found the Complaint failed to state a claim for relief, but accorded Plaintiff leave to file an amended complaint in accordance with the Court's orders, the Federal Rules of Civil Procedure, and the Court's Local Rules.[16]

Prior to filing the motion to remand this action back to state court, Plaintiff filed an amended complaint in this Court that appears to have been intended for the Superior Court for the State of Alaska, First Judicial District of Juneau.[17] In that amended complaint at Docket 16, Plaintiff names the same defendants as in the original complaint and again brings claims under the U.S. Constitution.[18] Because the filing appears to be intended for state court and does not comply with the Court's previous order regarding amending the complaint, the Court finds there is presently no operative complaint in this case.[19] And in the absence of an operative complaint, Plaintiff's motion to remand this case back to state court, filed at Docket 17, must be denied at this time.

And yet Plaintiff is entitled to attempt to pursue potential avenues of relief available to him. Therefore, the Court will accord Plaintiff one additional

---

[15] Dockets 6-7.
[16] Docket 13.
[17] Docket 16.
[18] Docket 16 at 5 (citing the Eight Amendment and the 14th Amendment to the U.S. Constitution).
[19] Docket 13.

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order Denying Motion for Remand to State Court
Page 4 of 6
Case 1:23-cv-00003-SLG   Document 20   Filed 02/29/24   Page 4 of 6

opportunity to file either (1) an amended complaint on the Court's form as directed in the Court's previous orders; or (2) a Notice of Voluntary Dismissal, which would end this case. If Plaintiff elects to file an amended complaint that contains only state law claims, Plaintiff may also file a renewed motion to remand this case back to the state court at that time. But regardless, an amended complaint filed in this Court must use this Court's caption and case number.

Should Plaintiff file an amended complaint, the Court will screen it in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court refers Plaintiff to its previous order on filing an amended complaint at Docket 13.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's motion to remand this case back to state court is DENIED.

2.  Within 30 days of this order, Plaintiff must file either an Amended Complaint or a Notice of Voluntary Dismissal. If Plaintiff fails to comply with this order, this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[20] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

---

[20] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order Denying Motion for Remand to State Court
Page 5 of 6
Case 1:23-cv-00003-SLG   Document 20   Filed 02/29/24   Page 5 of 6

3. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

4. The Clerk of Court is directed to send Plaintiff the following documents with this order: (1) Prisoner Complaint for Violation of Civil Rights (form PS01) with "FIRST AMENDED" written above the title; (2) Notice of Voluntary Dismissal (form PS09); and (3) a copy of the Order re Pending Motions at Docket 13.

DATED this 29th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:23-cv-00003-SLG, *Katchatag v. State of Alaska, et al.*
Order Denying Motion for Remand to State Court
Page 6 of 6
Case 1:23-cv-00003-SLG   Document 20   Filed 02/29/24   Page 6 of 6